

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01094-CR

Henry Benjamin **JONES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR3051
Honorable Joel Perez, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
               Irene Rios, Justice
               Beth Watkins, Justice

Delivered and Filed: March 6, 2024

DISMISSED

On December 13, 2023, appellant Henry Benjamin Jones filed a notice of appeal seeking to appeal his conviction of assault for family violence by strangulation. After Jones filed his notice of appeal, the district clerk filed a copy of the clerk's record showing Jones entered into a written plea bargain agreement with the State pursuant to which he pled nolo contendere. The clerk's record further shows the trial court imposed sentence in accordance with the agreement and signed a certification stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id*. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. R. 25.2(d).

Here, the clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by Jones. It also does not include a written motion filed and ruled upon before trial; nor does it indicate the trial court gave Jones permission to appeal. Thus, the trial court's certification appears to accurately reflect this is a plea-bargain case and Jones does not have a right to appeal. *See id*. R. 25.2; *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On January 9, 2024, we ordered Jones to file a response by February 8, 2024, establishing an amended certification showing he has the right to appeal has been made part of the appellate record. We cautioned Jones failure to satisfactorily respond to this order within the time provided would result in the dismissal of this appeal. A response has not been filed. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish